# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00233-MR

| | |
|---|---|
| **CHARLES MICHAEL LEDFORD,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | **ORDER** |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's pro se "Consolidated Motion to Reopen Time to Appeal and Notice of Appeal" [Doc. 5].

## I. BACKGROUND

The Petitioner, who is serving a 324-month sentence for conspiracy to distribute methamphetamine, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in the instant case. [Doc. 1]. The Court dismissed and denied the Motion to Vacate on August 28, 2021. [Doc. 2].

The Petitioner filed the present Motion on February 22, 2022[1] along with a Notice of Appeal that has been transmitted to the Fourth Circuit Court

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

of Appeals. [Docs. 5, 7]. The Petitioner states, under penalty of perjury, that the delivery of mail at his prison has been disrupted due to repeated lockdowns for COVID-19 breakouts, inmate drug overdoses, and staff misconduct. [Doc. 5 at 1]. Accordingly, he attests that he never received the Court's August 28 Order, and that he only learned of its issuance on February 11, 2022 after writing a letter to the Clerk of Court inquiring about the status of his case. [Id. at 2; see Doc. 4 (Letter docketed January 31, 2022)]. By the present motion, he asks the Court to reopen the time to appeal accept his Notice of Appeal as timely filed. [Doc. 5].

**II.  DISCUSSION**

A litigant must file a notice of appeal in a civil action within 60 days of the entry of judgment if the action involves the United States. Fed. R. App. P. 4(a)(1)(B). The timely filing of a notice of appeal is mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 214 (2007). A district court has the discretion to reopen the time to file an appeal for a period of 14 days if the court finds that: (1) a party entitled to notice of entry of judgment did not receive notice within twenty-one days after entry; (2) the party moved to reopen the appeal period within 180 days of judgment or within fourteen days of receiving notice of judgment, whichever is earlier; and (3) no party would

2

be prejudiced. Fed. R. App. P. 4(a)(6); see In re Jones, 970 F.2d 36, 39 (5th Cir. 1992) (noting that Rule 4(a)(6) is discretionary).

Here, the Petitioner has shown that he did not receive notice that the Judgment had been entered until February 11, 2022. Further, he filed the instant Motion and Notice of Appeal on February 22, 2022, which is within 180 days after the Judgment was entered and within 14 days after he received notice of the Judgment. Finally, it does not appear that any party would be prejudiced by the reopening of the time for filing an appeal. Accordingly, the Petitioner's Motion is granted, and the Notice of Appeal shall be deemed to have been timely filed.

**IT IS, THEREFORE, ORDERED** that Petitioner's "Consolidated Motion to Reopen Time to Appeal…" [Doc. 5] is **GRANTED**, and the Notice of Appeal [Doc. 5] shall be deemed to have been timely filed.

**IT IS SO ORDERED.**

Signed: March 22, 2022

Martin Reidinger
Chief United States District Judge